Opinion
Defendant-Appellant Robert Paul Talty, Jr. is appealing the trial court's classification of him as a sexual predator pursuant to R.C. § 2950.09 following his guilty pleas to two counts of photographing a minor in a state of nudity in violation of R.C. § 2907.323(A)(1). We have carefully reviewed the parties' briefs and the record before us, and affirm the trial court's decision and order.
The record reveals that on August 26, 1997, Talty was charged with seven counts of photographing a minor in a state of nudity in violation of R.C. § 2907.323(A)(1), one count of engaging in sexual contact with a child under age thirteen in violation of R.C. § 2907.02(A)(1)(b), and one count of engaging in sexual contact with a child under age thirteen in violation of R.C. § 2907.05(A)(4). In February of 1998, Talty pled guilty to two counts of photographing a minor in a state of nudity in exchange for the State's nolling of the remaining charges. The trial court sentenced Talty to a four year term of imprisonment on each count, to be served consecutively, and determined him to be a sexual predator in a decision and order filed on June 9, 1998. Talty's timely appeal followed, in which he asserts two assignments of error. First, he claims the trial court's determination that he is a sexual predator was an abuse of discretion as being against the manifest weight of the evidence. Second, Talty contends the trial court erroneously admitted improper testimony by a probation officer. We address each in order.
 I.
The lower court erred in determining Appellant to be a sexual predator pursuant to Section 2950.09 of the Ohio Revised Code.
In his first assignment of error, Talty claims the trial court's finding that he is a sexual predator is against the manifest weight of the evidence. Preliminarily, we note that the trial court's judgment will not be reversed as being against the manifest weight of the evidence if it is "supported by some competent, credible evidence going to all the essential elements of the case." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, quoting C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. § 2950.01(E). R.C. § 2950.09(B)(2)(a) through (j) set forth the factors to be considered by the judge in determining whether a defendant should be classified as a sexual predator as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
As required by the statute, the trial court conducted a hearing prior to determining status as a sexual predator. Testimony was taken from three witnesses: Dr. Susan Perry Dyer, a forensic psychologist; Michael Hurt, a probation officer with the Montgomery County Adult Probation Department; and Dr. James Barna, a forensic psychologist and attorney. Dr. Dyer testified that she administered the Minnesota Multiphasic Personality Inventory Revised (hereinafter "MMPI-2") psychological test to Talty and that she interviewed him for approximately one hour. The test data revealed that Talty was "very defensive" which caused Dr. Dyer to view the clinical information gleaned from the results of the MMPI-2 as only "marginally valid." She further stated that the angry and antisocial elements of Talty's personality were "noteworthy" in their normalcy because they conflicted with his psychopathic deviate scale, which is usually not the case unless a subject is particularly defensive in answering the test questions. This phenomenon bolstered Dr. Dyer's belief that Talty was very defensive when he took the MMPI-2 test, and, in her opinion, cast even more doubt on the validity of the test results. Dr. Dyer also testified that Talty was in "massive denial" regarding his conduct and the sexual nature of his offenses. She considered Talty's recent offenses to be part of a pattern of abuse. She declined to state whether she believed Talty was a sexual predator since she considered that to be a question of law, not psychology, but she did consider him to be at a higher risk of recidivism. Michael Hurt conducted a presentence investigation in anticipation of Talty's sentencing, as was ordered by the court. After reviewing the information included in the discovery packet, Talty's background, and Talty's statements to Hurt concerning the reason for his incarceration, Hurt recommended to the trial court that Talty be classified as a sexual predator.
The last witness, Dr. James Barna, a psychologist appointed to assist Talty's attorneys in his defense, stated that he "agree[d] with Dr. Dyer, that it's a valid MMPI as she said in her report," apparently disregarding Dr. Dyer's tenuous endorsement of the test data as being only "marginally valid." Dr. Barna disagreed with Dr. Dyer's conclusions as to Talty's risk of recidivism based on his review of the MMPI-2 test results and his observations made during the sixteen or so hours he spent with Talty, many of which were in a group session context. Dr. Barna did not find Talty to be in denial about his conduct. He doubted Talty would reoffend and recommended that he be classified as a sexual offender rather than a sexual predator.
In addition to the witnesses' opinions, the record demonstrates that Talty's victim in the most recent offenses was an eleven-year-old boy, whom Talty photographed wearing less-than-opaque tights through which the child's genitalia were visible. There was no suggestion that Talty used drugs or alcohol to subdue the child, or that Talty's recent conduct involved more than one victim, or that he had displayed or threatened his victim with cruelty. Neither Dr. Dyer nor Dr. Barna testified that they detected any mental illness or disability in Talty.
The witnesses' testimony also established that Talty was twenty-nine years old, had a previous criminal record consisting of one conviction for disorderly conduct, which was reduced from a charge of domestic violence, and had been involved in an incident which consisted of Talty's inappropriate touching of a three-year old boy when Talty was thirteen or fourteen years old. No criminal charges were pursued in that incident, but Talty subsequently spent a month in a psychiatric hospital, then lived at a boys' home for three and one half years. Nevertheless, Talty argues that because the incident was never prosecuted it should not be a factor in the determination of his classification as a sexual predator. The trial court noted, however, that records from the psychiatric hospital in which Talty stayed immediately after the incident indicate Talty admitted to inappropriate conduct with the child. That Talty characterized his conduct at that time as an isolated incident does not diminish its usefulness to the trial court's determination.
Talty also assails the trial court's finding that his behavior was part of a pattern of abuse. Admittedly, there was conflicting testimony as to whether this factor weighed in favor of or against Talty. Dr. Dyer stated that if the allegation of the earlier abuse involving the three-year-old child were true, it in conjunction with Talty's prior conviction for disorderly conduct and the current offenses would demonstrate a pattern of abuse. Dr. Barna disagreed, although he did not suggest that the earlier incident involving the three-year-old boy had not actually occurred. Dr. Barna's opinion, however, was based on a misunderstanding of the circumstances surrounding the current charges. More than once, Dr. Barna stated that he understood both of the offenses to which Talty pled guilty took place on the same day. In fact, the two incidents took place On July 12, 1997, and July 19, 1997, as is evidenced by the prosecutor's brief factual statement, the verity of which Talty admitted when he pled guilty to the two counts. Furthermore, as the trial court noted, Talty admitted to Dr. Barna that he had been involved in more sexually offending conduct with his current victim than was reflected in the two charges to which he pled guilty.
We find sufficient competent and credible evidence in the record to support the trial court's determination that Talty is a sexual predator. The fact that his victim was a child whom Talty photographed on more than one occasion, in combination with his previous criminal conviction for disorderly conduct and his prior inappropriate behavior with the three-year-old child all support the trial court's decision. Accordingly, we overrule Talty's first assignment of error.
 II.
The lower court erred in allowing the probation officer to testify on the ultimate issue regarding Appellant's determination as a sexual predator.
In his second assignment of error, Talty contends the trial court erroneously permitted Michael Hurt, the probation officer who performed the presentence investigation in Talty's case, to testify to his opinion that Talty should be classified as a sexual predator. He argues that because Hurt was not testifying as an expert, his opinion testimony was inadmissible under Evid.R. 701.
We first note that the Ohio Supreme Court has held that the Rules of Evidence do not strictly apply to sexual predator hearings. In State v. Cook (1998), 83 Ohio St.3d 404, 425, the court reasoned as follows:
 Evid.R. 101(C) excepts application of the Rules of Evidence * * * from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise. Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings.
Thus, Talty's contention that Evid.R. 701 must be strictly adhered to in a sexual predator determination hearing is incorrect. We also note, however, that even if that were not so, Hurt's presentence investigation report, which also included his recommendation that Talty be classified as a sexual predator, was submitted to the court without objection from Talty. Therefore, even if the trial judge had sustained Talty's objection to Hurt's testimony concerning his recommendation, the same evidence would have been admitted via the presentence investigation report. Furthermore, based on the record before us, we cannot say that the exclusion of Hurt's recommendation would likely have changed the outcome of the hearing. Consequently, had we found any error, it would have been harmless.
For the foregoing reasons, we overrule Talty's second assignment of error.
Having found both of Talty's assignments to be without merit, the decision and order of the trial court is affirmed.
. . . . . . .
GRADY, P.J., and WOLFF, J., concur
Copies mailed to:
Johnna M. Shia
David H. Fuchsman
Hon. Patrick Foley